IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-249-F-4

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| SIEEL ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a special agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, and defendant the testimony of the proposed third-party custodian, defendant's mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 16 August 2011 for possession of a stolen firearm and ammunition by a convicted felon on 19 and 20 January 2011, in violation of 18 U.S.C. § 922(j) (cts. 1 and 2), and possession of a firearm and ammunition by a convicted felon on the same dates, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (cts. 10 and 11). The evidence presented at the hearing showed that the charges arise from two video- and audio- taped controlled purchases by a

confidential informant of the subject firearms and ammunition. In both instances, the transactions were initiated by telephone calls from the confidential informant to defendant and occurred at the same residence. Defendant represented himself as the owner of the first firearm and associated ammunition sold. In the second transaction, the firearm sold was not among those defendant had discussed with the confidential informant, but instead purportedly belonged to another person present in the residence and the other person, not defendant, consummated that transaction. Guns beside those sold were present in the residence, at least during the first transaction. During the second transaction, occupants were bagging marijuana. In participating in the two controlled transactions, defendant was purportedly acting as part of a group that was stealing firearms and then reselling them. During the controlled purchases there was much discussion of firearms by the occupants of the residence, including plans for future burglaries. At the time of the controlled transactions, defendant had been convicted of a felony. The firearms sold had been stolen.

**Discussion**

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above, although the government acknowledged that the felon in possession charges could be subject to challenge under *United States v. Simmons*, --- F.3d ----, 2011 WL 3607266 (4th Cir. 17 Aug 2011) (*en banc*) (altering standard for predicate offenses); the gun-related nature of the offenses charged; the circumstances of the offenses charged, including the stolen status of the subject firearms, the apparent association of the offenses with an organized firearm theft operation and drug trafficking, and the loaded status of the firearms; defendant's criminal record, including a felony conviction, two misdemeanor convictions, multiple probation violations (including failure to report as directed), a probation revocation, multiple failures to appear

(excluding those when defendant was in custody), and defendant's incursion of pending charges subsequent to the charged offense conduct; defendant's expulsion from ninth grade and his lack of any schooling or meaningful employment since then (he is presently 21); his lack of a stable residence (he stays at friends' home and occasionally at his mother's); the unsuitability of the proposed third-party custodial arrangement due to the high degree of flight risk and risk of danger presented by defendant, the location of the proposed custodial home in the same general community where defendant committed the alleged offense conduct, the proposed custodian's lack of awareness that defendant had been convicted of a drug felony (although she knew he had been on probation), and the proposed custodian's manifest lack of influence over defendant; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that to the extent such evidence has a mitigating effect, the factors favoring detention outweigh such evidence. Such evidence includes defendant's lifelong residence in the community where the alleged offenses occurred, supposedly indicating he is unlikely to flee.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

3

This, the 2nd day of September 2011.

                                                James E. Gates
                                                United States Magistrate Judge