IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-249-F-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| SIEEL ALLEN, | ) | |
| Defendant. | ) | |

Now before the Court is Defendant Sieel Allen's motion for documents [DE-178], in which Defendant asks the court to provide the following documents:

1. The Docketing Sheet;
2. Indictment(s);
3. Pre-trial motions and briefs in support of or against said motions;
4. Plea bargain agreement(s) and any filed correspondence in regards thereto;
5. Defense or prosecution sentencing memorandums;
6. Any post-conviction relief action, such as rule 32 or 35 motions;
7. Any other filed correspondence of documents concerning his case.

Defendant also seeks the contact information of the court reporter so he can contact her to order transcripts.

Title 28, United States Code, Section 753(f) addresses the circumstances under which transcripts or other court documents may be provided to an indigent defendant at the government's expense. The statute provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). Because there is no constitutional requirement that an indigent defendant be supplied free transcripts or other court documents to collaterally attack a conviction or sentence, a defendant must show a particularized need for the documents. *See United States v. MacCollom*, 426 U.S. 317, 323-30 (1976).

In this case, other than a request for the docket sheet, Defendant's requests are too broad to determine the precise documents Defendant wants sent to him. Further, Defendant has not stated any need for such documents. Rather, he merely states that he requests them. Based on this explanation, the court is unable to find that Defendant has sufficiently stated a particularized need for such documents.

Accordingly, the Clerk is directed to send a copy of the docket sheet in this case to Defendant at his last-known address. The Clerk also shall respond to Defendant's request for information regarding transcript ordering. The remainder of the motion is DENIED.

SO ORDERED.

This, the 7th day of June, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

2